UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LARRY JOE WALKER,
    Plaintiff,

v.

KEN TRIBLEY,
    Defendant.
_____/

Case No. 2:12-CV-00485
Hon. R. Allan Edgar

# **OPINION**

Petitioner filed this *pro se* § 2254 petition for writ of habeas corpus alleging violations of his constitutional rights. Petitioner was convicted by a jury of attempting to break, burn, blow up or otherwise injure or destroy a safe with the intent to commit larceny (MICH. COMP. LAWS § 750.531), and receiving and concealing stolen property over $100 (§ 750.535). On January 22, 1987, Petitioner was sentenced to fifteen to thirty years for attempting to destroy a safe, and two and a half to five years for receiving and concealing stolen property. Petitioner does not contest his convictions. At the time he filed this habeas petition, Petitioner was in the custody of the Michigan Department of Corrections. On June 10, 2014, Petitioner was placed on supervised release.

Petitioner filed this habeas petition on December 28, 2012. Docket # 1. At that time, Petitioner set forth the following claims for relief:

    I. The Michigan Department of Corrections held Petitioner past his discharge date.

    II. Petitioner's "good-time" credits were forfeited without affording him a hearing.[1]

---

[1] Because both of these claims closely relate to one another, this Court will address them simultaneously.

Docket # 1 at 2.  Petitioner requested immediate release based on the above-mentioned violations.  Respondent filed an Answer in Opposition to Petitioner's request for a writ of habeas corpus (Docket # 13), to which Petitioner responded.  Docket # 44.  The matter is now ready for a decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.  PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law).  28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme

Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

Upon review of Petitioner's claims, it appears that neither of his claims have been addressed by the state courts.

II.

Petitioner brought this habeas petition because he believes his due process rights were violated. Respondent contends that (1) Petitioner has not exhausted his claims in the state courts, and (2) even if he had exhausted, Petitioner's claim are not cognizable on habeas review. The Court will first address the procedural issues raised by Respondent.

### A. Exhaustion

Respondent claims that Petitioner has not exhausted his claims in state court. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). A state prisoner may attack the loss of disciplinary credits by filing a state petition for habeas relief. *Hughes v. Bauman*, No. 10-13255, 2011 WL 6781019, at *2 (E.D. Mich. Dec. 27, 2011) (citing Mich. Ct. R. 3.303(A)(2)); *see generally Butler v. Warden, Marquette Prison*, 100 Mich. App. 179, 298 N.W.2d 701 (1980). It does not appear as though Petitioner has filed a state habeas petition. Respondent argues that no state court petition has been filed, and Petitioner has not shown that he has filed a petition in state court. Therefore, it appears as though Petitioner has at

least one available remedy by which to raise the issues he has presented in this application.

### B. Cognizable on Habeas Review

Even if Petitioner had exhausted his state court remedies, his present claims are state law claims that are not cognizable on habeas review. Petitioner claims that he was held beyond his self-computed discharge date (August 14, 2012), and that he was not afforded a hearing before his credits were forfeited (the forfeiture being what likely caused his delayed discharge date). Docket # 3 at 3. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a).

In order to determine whether Petitioner's claim is a matter of state law that would not be cognizable on habeas review, it is necessary to first determine whether Petitioner earned good-time or disciplinary credits while incarcerated. If Petitioner earned good-time credits, Petitioner has a liberty interest in those credits—meaning any deprivation of those credits without a hearing would violate his due process rights, thereby making Petitioner's claim a federal constitutional one that is viable for habeas review. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974) (noting that states create a liberty or due process interest in good-time credits when deprivation of those credits affects the length of prison sentence, meaning a hearing must be held before a prisoner's good-time credits are forfeited in order to comport with due process); *Ingram v. Smith*, No. 1:14-CV-326, 2014 WL 2738268, at *2 (W.D. Mich. June 17, 2014) ("[T]he right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits."). However, if Petitioner earned disciplinary credits, Petitioner would not have a due process claim based on the forfeiture of those credits without a hearing because Petitioner does not have a liberty interest in

disciplinary credits—meaning Petitioner's claims are state law claims that are not cognizable on habeas review. *See Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007) (noting that Michigan disciplinary credits affect parole eligibility dates, not the length of a sentence, since parole eligibility is within the parole board's discretion); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (noting prisoner's disciplinary hearing and misconduct sanction did not implicate the Due Process Clause of the Fourteenth Amendment).

Here, Petitioner committed the crimes of attempted destruction of a safe with intent to commit larceny, and receiving and concealing stolen property on September 7, 1986. A prisoner that commits a crime before April 1, 1987 *could* be eligible to earn good-time credit, but that is not a guarantee simply based on the date the crime was committed. According to the second half of MICH. COMP. LAWS § 800.33(2), a prisoner that has committed a crime before April 1, 1987, is only eligible for good-time credit if none of the other provisions of § 800.33 apply to the prisoner.

Upon review of § 800.33, it is clear that subsection (5) applies to Petitioner's case. Subsection (5) states that "all prisoners serving a sentence on December 30, 1982, or incarcerated after December 30, 1982, for the conviction of a crime enumerated in . . . MCL 791.233b, are eligible to earn a disciplinary credit of 5 days per month for each month served after December 30, 1982." MICH. COMP. LAWS § 800.33(5). Since § 791.233b includes Petitioner's offense for attempting to destroy a safe (§ 750.531), Petitioner was not eligible to earn good-time credit while incarcerated. Instead, he was able to earn disciplinary credits. *See* MICH. COMP. LAWS § 791.233b(x).

Moreover, MDOC Policy Directive 03.01.100(E) mimics the above-mentioned

Michigan law. It demonstrates that Petitioner's conviction from January of 1987 *could* have qualified him to earn good-time credit, but it did not in this case:

> Prisoners sentenced for an offense committed before April 1, 1987 are eligible to earn good time credits on the minimum and maximum terms of the sentence, *except as follows*:
>
> 2. The sentence is for a Proposal B offense as identified on Attachment A <u>and</u>:
>
>> b. The offense was committed on or after January 1, 1983. In such cases, the prisoner is not eligible to earn good time credits. However, the prisoner may be eligible to earn disciplinary credits as set forth in PD 03.01.101.

Docket # 40 at 2 (emphasis added) (quoting MDOC Policy Directive 03.01.100(E)(2)(b)). Again, Petitioner's crime of attempting to destroy a safe (MICH. COMP. LAWS § 750.531) occurred after January 1, 1983, *and* this crime falls within the listed offenses under Proposal B. Docket # 41 at Attachment A at 2. As a result, Petitioner was eligible to earn disciplinary credits while incarcerated, not good-time credit.

Since Petitioner was earning disciplinary credits while incarcerated, he does not have a due process claim or liberty interest in his lost credits because these credits did not affect the length of his sentence (only his parole eligibility date). *See Thomas*, 481 F.3d at 439 (citing MICH. COMP. LAWS § 800.33(3) ("Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility date and discharge date.")). As a result, Petitioner has not stated a claim based on violations of his federal constitutional rights. *See Alexander*, 2012 2090025, at *2 (noting prisoner's do not have a liberty interest in disciplinary credits). Instead, he has asserted claims that are matters of

state law. *McDonald v. McQuiggan*, No. 07-10915, 2009 WL 2351775, at *3 (noting that the interpretation of granting/forfeiting earned credits under MICH. COMP. LAWS § 800.33 are matters of state law that are not cognizable on habeas review). Consequently, Petitioner's claims are not cognizable on habeas review.

### III.

This Court concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court denies a certificate of appealability as to each issue raised by Petitioner.

For the same reasons the Court dismissed this action, the Court certifies that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DENIED**.

In summary, Petitioner's motion for post-conviction relief (Docket # 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion will be entered.

**SO ORDERED**.

_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

Dated: 9/9/2015